UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| C. WAYNE MORGAN, </br></br> Third Party Petitioner, </br></br> v. </br></br> WARDEN JOSEPH HARP CORRECTIONAL CENTER, and JOE BIDEN, </br></br> Respondents. | CV424-218 |

## REPORT AND RECOMMENDATION

*Pro se* petitioner C. Wayne Morgan[1] has filed the instant petition as next friend for his son David Brian Morgan for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. While he has not moved to proceed *in forma pauperis*,[2] as explained below, the Petition is frivolous and vexatious, and, therefore, subject to immediate dismissal.

---

[1] Although the caption of the case identifies C. Wayne Morgan as the "third party petitioner," or "next friend," David Brian Morgan signed the Petition. *Compare* doc. 1 at 1, 5, *with id.* at 4. The apparent attempt to obscure the real party in interest is consistent with both Morgans' persistent and frivolous attempts to evade the procedural requirements imposed on federal habeas petitions.

[2] Payment of a filing fee is not a jurisdictional requirement. *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378 (11th Cir. 2020), *receded from on other grounds by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (citing, *inter alia, Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986)).

1

*See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[3]

The Petition states that C. Wayne Morgan's son, David Brian Morgan, is in the custody of the Oklahoma Detention Center in Oklahoma City, Oklahoma, and has been since 2010. Doc. 1 at 1. The Petition alleges that the conviction was unconstitutional as the State of Oklahoma lacked jurisdiction in "Indian Country." *Id.* at 3. The most obvious, and fatal, defect in the Petition is that jurisdiction over § 2241 petitions lies only in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United Staes*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought in the district court for the district in which the inmate is incarcerated."). In this case, the

---

[3] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

2

only district where either Morgan could pursue a § 2241 petition, therefore, is the Western District of Oklahoma. 28 U.S.C. § 116(c). The Petition is, therefore, properly dismissed.

While the Court might transfer the Petition, the Morgans' litigation history renders dismissal the appropriate disposition. As United States Magistrate Judge Suzanne Mitchell summarized recently: David Brian Morgan "pleaded guilty in 2011 in Oklahoma County to thirteen counts of rape, kidnapping, molestation, and weapon possession . . . ." *Morgan v. Biden*, 2024 WL 534973, at *1 (W.D. Okla. Jan. 11, 2024). His 28 U.S.C. § 2254 petition challenging that conviction was dismissed and appellate review was exhausted in 2015. *Id.* "Since then, Morgan has mounted multiple other unsuccessful challenges to his convictions and sentences, both in this circuit and others." *Morgan v. United States*, 2023 WL 5622932, at *1 (10th Cir. Aug. 31, 2023). Undeterred by David Morgan's failures, his father C. Wayne Morgan has taken up the cause. *See, e.g., Morgan Next Friend for Morgan v. Biden*, 2024 WL 1344425, at *1 (D.D.C. March 19, 2024). As United States District Judge Randolph D. Moss explained:

> Given the numerous habeas actions David Morgan has filed on his own behalf, Petitioner [C. Wayne Morgan] cannot

3

> plausibly provide an adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action. [Cit.] And David Morgan well knows that under the habeas successive rule, [cit], he has no further recourse in federal district court without first obtaining permission from the U.S. Court of Appeals for the Tenth Circuit.

*Id.* (internal quotation marks, alterations, and citations omitted).

Given the Morgans' persistent refusal to acknowledge the prior dispositions of their habeas petitions or the procedural requirements imposed on successive petitions, it seems clear that the instant Petition was not filed in this District out of any confusion.[4] It seems clear that the instant Petition is merely another in the Morgans' long list of procedurally improper filings. Because of that impropriety, this Court joins the United States District Court for the Southern District of Indiana in its warning that "[f]urther frivolous or unauthorized attempts by C. Wayne Morgan and David Morgan to litigate challenges [to] David Morgan's Oklahoma conviction may result in sanctions, including monetary sanctions and a filing bar." *See Morgan v. United States*, 4:22-

---

4 It is also possible, though perhaps fanciful, that Morgan filed in this District due to the connection between the namesake of the United States Courthouse, Tomochichi, and the nature of Morgan's jurisdictional challenge, *see* doc. 1 at 3 ("States have no criminal jurisdiction in "Indian Country," therefore his conviction is void."). *Cf.* doc. 1 at 6 (envelope addressed to "Tomochichi Federal Building and U.S. Courthouse").

4

cv-066-JMS-KMB, doc. 23 at 2 (S.D. Ind. July 31, 2023) (Magnus-Stinson, J.).

The face of the Petition shows, therefore, that this Court lacks jurisdiction to consider it. Accordingly, the petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

5

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 26th day of September, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA