UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| C. WAYNE MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV424-218 |
| | ) | |
| WARDEN JOSEPH HARP CORRECTIONAL CENTER, | ) ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Magistrate Judge's September 26, 2024 Report and Recommendation, doc. 3, to which no objections have been filed. Although no formal objection has been filed, Petitioner David Brian Morgan[1] filed a document titled "Petition for a Writ of Error Coram Nobis." Doc. 4 at 1. That document raises arguments that, while meritless, could be interpreted as objections to the Magistrate Judge's recommendation. It also asserts novel arguments and requests for relief, which are also meritless. To ensure a complete record in this

---

[1] The Petition identifies C. Wayne Morgan as the "third-party petitioner." *See* doc. 1 at 1. As the Magistrate Judge explained, despite the caption, David Brian Morgan signed the Petition. *See* doc. 3 at 1 n. 1. As the Magistrate Judge recognized, the ambiguity concerning the real party in interest "is consistent with both Morgans' persistent and frivolous attempts to evade the procedural requirements imposed on federal habeas petitions." *Id.*

case, the Court addresses the contents of Morgan's submission below. *Cf. Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

First, Petitioner appears to challenge the Magistrate Judge's conclusion that, because his Petition invokes 28 U.S.C. § 2241 and he is incarcerated in Oklahoma, the Court lacks jurisdiction over his Petition. *See* doc. 4 at 2; *see also* doc. 3 at 2-3 (citing, *inter alia*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)). Petitioner invokes a Nineteenth Century statute and the Constitution's Suspension Clause, but points to no authority that undermines the Magistrate Judge's recognition that "[t]he plain language of the [currently applicable] habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443. Since Petitioner has, and indeed has had, the opportunity to seek habeas relief, *see* doc. 3 at 3 (citing *Morgan v. Biden*, 2024 WL 534973, at *1 (W.D. Okla. Jan. 11, 2024)), the Suspension Clause is not plausibly implicated. To the extent that Petitioner objected to the Magistrate Judge's analysis of this Court's jurisdiction, therefore, those objections are **OVERRULED**.

Next, Petitioner refers to the Sixth Amendment's guarantee of representation in criminal cases. *See* doc. 4 at 3. He appears to object that the Court did not appoint him counsel.[2] *Id.* He seeks the appointment of former Solicitor General of the United States, Neal Kumar Katyal. *Id..* While Petitioner is correct that the right to counsel applies in "criminal prosecutions," *id.*, the Supreme Court has explained that "the right to appointed counsel extends to the first appeal of right, *and no further.*" *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (emphasis added); *see also, e.g., Mills v. Hamm*, 102 F.4th 1245, 1249 (11th Cir. 2024) ("The right to counsel does not extend beyond the first appeal . . . ."). Appointment of counsel is only required in habeas proceedings in limited circumstances, not applicable here. *See, e.g.,* Rule 8(c), Rules Governing Section 2254 Cases.[3] To the extent he requests appointed counsel now, that request is **DENIED**. Doc. 4, in part.

---

[2] The original Petition includes a request that the Court "name counsel for all petitioners to represent them in these proceedings." Doc. 1 at 3. The Magistrate Judge did not address that request, presumably because the determination that the Court lacks jurisdiction over the Petition rendered any such request moot. To the extent that there was any error in the Magistrate Judge's approach, it is resolved below.

[3] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.

3

Petitioner also appears to object that he was not brought before the Court, presumably for a hearing on hie Petition. *See* doc. 4 at 2. The Rules are clear that a hearing on a habeas petition is only appropriate "[i]f the petition is not dismissed," pursuant to Rule 4. *See* Rule 8(a), Rules Governing Section 2254 Cases. Because, as explained above, there is no question that this Court lacks jurisdiction over this § 2241 Petition, dismissal is appropriate, and no evidentiary hearing is warranted. To the extent that Petitioner objects that the Magistrate Judge did not order a hearing, the objection is **OVERRULED**.

Finally, the title of Petitioner's filing implicates a request for a "writ of error coram nobis," though there is no further discussion of such relief. *See generally* doc. 4. The Eleventh Circuit has explained that "[t]he All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error *coram nobis*." *United States v. Adley*, 783 F. App'x 914, 915 (11th Cir. 2019) (citing *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). Such writs are "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Id.* (internal quotation marks omitted) (quoting *Mills*, 221 F.3d at 1203). "A writ of *coram nobis* is appropriate only when

4

there is and was no other available avenue of relief." *Id.* (internal quotation marks and citation omitted). However, the Eleventh Circuit has clearly held that "[a] writ of error *coram nobis* is not available in federal court to directly attack a state criminal judgment." *Wolfson v. Florida*, 184 F. App'x 866, 866 (11th Cir. 2006). Finally, even if such a writ were available in theory, they do not expand this Court jurisdiction and cannot be used to "circumvent the statutory requirements for filing successive § 2254 petition[s]." *Morales v. Fla. Dept. of Corrs.*, 346 F. App'x 539, 540 (11th Cir. 2009). Since the Court lacks jurisdiction and because the Petition is a transparent attempt to circumvent the prohibition on unauthorized § 2254 petitions, *see, e.g., Morgan v. United States*, 2023 WL 5622932, at *1 (10th Cir. Aug. 31, 2023) (recognizing Morgan's "multiple other unsuccessful challenges to his convictions and sentences"), the All Writs Act does not afford him a remedy here. His Petition for Writ of Error *Coram Nobis* is, therefore, **DISMISSED**. Doc. 4, in part.

After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation that the Petition be dismissed for lack of jurisdiction. For the reasons discussed above, Petitioner's recent

filing, whatever its intent, is meritless. To the extent that it objects to the Magistrate Judge's analysis, it is **OVERRULED**. The Court, therefore, **ADOPTS** the Report and Recommendation, doc. 3, as its opinion, as supplemented above, and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, doc. 1. *See, e.g.,* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). To the extent that Petitioner's filing requests appointment of counsel, that request is **DENIED**. Doc. 4, in part. To the extent that it is intended as a new Petition requesting a writ of error *coram nobis*, it is **DISMISSED**. Doc. 4, in part

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is

likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 22 day of November, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA